UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-179-JST (ANx)                                    Date:  May 29, 2013
Title: Defenstech International, Inc. v. Fyfe Co., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                  Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES (Doc. 14)**

Before the Court is a Motion for Attorney's Fees ("Motion") filed by Defendant Edward Robert Fyfe ("Fyfe").  (Doc. 14.)  Plaintiff Defenstech International, Inc. ("Defenstech") filed an Opposition (Doc. 15), and Defendant replied.  (Doc. 16.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Therefore, the Court VACATES the hearing scheduled for May 31, 2013, 2:30 p.m.  For the reasons stated below, the Court DENIES Defendant's Motion.

I.     Background

Defenstech produces polymer coating products that can be used to protect facilities, equipment, and vehicles from impact, corrosion, chemical attacks, blasts, and seismic events.  (Compl. ¶ 35, Doc. 1.)  On September 10, 2005, Plaintiff and Defendant Robert Fyfe, on behalf of Fyfe Co., entered into an Agreement for Purchase and Sale of U.S. Patent No. 6,806,212 B2, "Coatings and Method for Strengthening a Structure," ("212 Patent"), which was owned by Defendant Fyfe Co.[1]  (*Id*. ¶¶ 26, 29; *Id*. Ex. B ("Agreement").)

---

[1] Fyfe and Defendant Heath Carr are the controlling officers of all the corporate defendants in this case (collectively, "Fyfe Corporate Defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-179-JST (ANx)            Date: May 29, 2013
Title: Defenstech International, Inc. v. Fyfe Co., et al.

     Subsequently, a dispute arose over assignments of the 212 Patent by Fyfe and the Fyfe Corporate Defendants. On February 4, 2013, Defenstech filed suit against Fyfe, Carr, and the Fyfe Corporate Defendants, bringing causes of action for (1) fraudulent misrepresentation, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, (6) declaratory relief, (7) disregard of corporate fiction, (8) misappropriation of trade secrets, (9) patent infringement, and (10) violation of the California Unfair Competition Law ("UCL").

     Defendants filed a motion to dismiss the complaint under FRCP 12(b)(1) and 12(b)(6), for lack of jurisdiction and failure to state a claim. (Doc. 6.) That motion was scheduled for hearing on April 19, 2013. On April 18, 2013, Defenstech filed a voluntary notice of dismissal without prejudice pursuant to FRCP 41(a). (Doc. 13.) On May 1, 2013, Fyfe filed the instant Motion, seeking attorney's fees pursuant to (1) 35 U.S.C. § 285 and (2) the Agreement's attorney's fees provision.

## II. Discussion

### A. Attorney's Fees Arising out of Patent Claim

     Fyfe first argues that he is entitled to attorney's fees under federal patent law, which provides that "the court in exceptional cases may award reasonable attorney fees *to the prevailing party.*" 35 U.S.C. § 285 (emphasis added).

     "Federal Circuit case law controls in determining whether a party is a 'prevailing party' for purposes of § 285." *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 WL 311014 at *7 (C.D. Cal. Jan. 7, 2011) (citing *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006) ("Federal Circuit law 'governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law.'")) Under Federal Circuit law, a party is the "prevailing party" only if it obtains a result in its favor that "ha[s] sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'" *Highway Equip. Co.*, 469 F.3d at 1034 (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Where a court enters an order after a party "voluntarily abandon[s]" its

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-179-JST (ANx) | Date: May 29, 2013 |
| Title: Defenstech International, Inc. v. Fyfe Co., et al. | |

position, no such change has occurred. *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1027 (Fed. Cir. 2005).

This case was dismissed without prejudice at the request of Defenstech. (Doc. 13; Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."))  In dismissing the case, the Court did not adjudicate the merits, and will not do so in the context of a motion for attorney's fees.  As such, Fyfe is not the "prevailing party" under § 285, and is not entitled to attorney's fees under § 285.

### B. Attorney's Fees Arising out of State Law Claims

Fyfe also argues that he is entitled to attorney's fees pursuant to ¶ 11(j) of the Agreement, which states that

> If any legal action, arbitration or other proceeding is brought for the enforcement of this Agreement or because of any alleged dispute, breach, default or misrepresentation in connection with any of the provisions hereof, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs reasonably incurred in connection with such action or proceeding . . . . (Fyfe Decl. Ex. 7, Doc. 14-3.)

"In an action where a district court is exercising its subject matter jurisdiction over a state law claim, 'so long as state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975)).

Under California Code of Civil Procedure Section 1021, "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." For the purposes of determining an attorney's fees award under that section,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-179-JST (ANx)                                      Date:  May 29, 2013
Title:  Defenstech International, Inc. v. Fyfe Co., et al.

"prevailing party" includes "a defendant in whose favor a dismissal is entered" and "a defendant where neither plaintiff nor defendant obtains any relief." Cal. Civ. Proc. Code § 1032.[2] However, the California Supreme Court has held that under § 1032, "attorney fees should not be awarded *automatically* to parties in whose favor a voluntary dismissal has been entered." *Santisas v. Goodin*, 17 Cal. 4th 599, 612 (1998). Rather, in determining the prevailing party the courts should look at whether the contract itself defines the term "prevailing party," or, barring such a contractual provision, at "the extent to which each party has realized its litigation objectives ." *Id*. at 622.

In addition, California Civil Code § 1717 applies to "action[s] on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party." California Civil Code § 1717(b)(2) states that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section." Where a party asserts a claim for breach of contract within the scope of § 1717, the court "must look to section 1717 to determine whether [a] defendant[] [is a] 'part[y] prevailing on the contract' who may recover attorney fees incurred in the defense of *that* claim." *Santisas*, 17 Cal. 4th at 615 (1998) (emphasis added). "If an action asserts both contract and tort or other noncontract claims, section 1717 applies *only* to attorney fees incurred to litigate the contract claims." *Id*. (emphasis added). Therefore, "if [a] voluntarily dismissed action also asserts causes of action that do not sound in contract, those causes of action are not covered by section 1717, and the attorney fee provision, depending on its wording, may afford the defendant a contractual right, not affected by section 1717, to recover attorney fees incurred in litigating those causes of action." *Id*. at 617.

Because Fyfe is claiming attorney's fees in an "action on a contract, where the contract specifically provides for attorney's fees and costs," California Civil Procedure Code  § 1717 applies to fees arising out of Defenstech's breach of contract claim. *Santisas*, 17 Cal. App. 4th at 615. Section 1717(b)(2) explicitly states that when an

---

[2] The definitions in § 1032 apply to items recoverable as costs, including attorney's fees authorized by contract.  Cal. Civ. Proc. Code § 1033.5(a)(10)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-179-JST (ANx)            Date: May 29, 2013
Title: Defenstech International, Inc. v. Fyfe Co., et al.

action has been voluntarily dismissed, there is no prevailing party. Therefore, Fyfe is not entitled to attorney's fees arising out of Defenstech's breach of contract claim.

       As to attorney's fees arising out of Defenstech's other state law claims, the Court first determines whether the contract's attorney's fees provision defines "prevailing party." *Santisas*, 17 Cal. 4th at 622. The language of the Agreement's attorney's fees provision does not define the term "successful or prevailing party." Therefore, the Court "base[s] its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives." *Id.*; *see also Silver v. Boatwright Home Inspection, Inc.*, 97 Cal. App. 4th 443 (2002). This case was dismissed without prejudice, meaning that Defenstech is free to litigate its claims in the future. As such, the Court declines to find either that Fyfe has realized his litigation objectives, or that Defenstech has conceded its litigation objectives. Therefore, it finds that Fyfe is not the "prevailing party" under § 1032, and is not entitled to attorney's fees arising out of Defenstech's non-contract state law claims.

### III. Conclusion

       For the foregoing reasons, Defendant's Motion is DENIED.

                                                        Initials of Preparer: tg